Ruel E. BARRON

v.

AMERICAN MOTORISTS INSURANCE COMPANY.

Civ. No. 4074.

United States District Court
N. D. Texas,
Fort Worth Division.

Dec. 22, 1958.

Taylor, Rumph & Ivy, Fort Worth, Tex., for plaintiff.

Stone, Agerton, Parker & Snakard, Fort Worth, Tex., for defendant.

DAVIDSON, Chief Judge.

The question here is presented by a motion to remand.

■ The matter in controversy arose out of a recent act of Congress touching the workman's compensation law and otherwise relieving the heavy case load upon the trial judges prevailing in a number of districts. The law as finally enacted embraces a combining or consolidating of bills presented in the House and Senate. The House bill contained two provisions looking to lessen the load of the courts. The first was to raise the amount in controversy for jurisdiction from $3,000 to $10,000, and the second was to provide that hereafter a corporation's home might be in the state where its principal business was done as well as in the state in which its incorporation was had.

Section 5c is the Senate bill which was tacked to the House bill in the nature of an amendment. It provides that a civil action arising in any State court under the workmen's compensation act of that State may not be removed to the United States court.

The three provisions finally passed as one act. Tacking the Senate bill pertaining to the workmen's compensation law to the House bill gives the appearance of a scissors and paste pot amendment in the way of consolidation rather than a stenographic redraft of the two bills. Thus the two House provisions constitute the first and second portions of the law as finally passed and the Senate provision constitutes the third item.

At the end of the original House bill and preceding the Senate bill which was added to the House bill as an amendment appears Section 3 coming on at the tail of the House bill which provides:

"This Act shall apply only in the case of actions commenced after the date of the enactment of this Act."

The date of enactment was July 25, 1958.

The fact that Section 3 takes on the nature of an exception or saving clause in no way affects the validity of the act. The act must be read and treated as a whole.

■ At the time the act became effective on July 25, 1958, a number of cases, including the one before us, had just been lately "commenced" in the State courts and were in line for removal to the United States courts. Unless these suits had been "commenced" within the meaning and wording of the bill then they must remain in the State court. But if they had been "commenced" as actions at law our judgment is that they are still the same suit whether they be found on the docket of the Federal court or the State court.

The bill as finally passed became Public Law 85–554, 28 U.S.C.A. §§ 1331, 1332, 1445. The purpose of the Senate bill was expressly stated in the committee hearing.

"As an aid in meeting the problem of court congestion, the Depart-

ment of Justice favors the legislation." Signed by Lawrence E. Walsh, Deputy Attorney General.

The committee report continues:

"The removal of workmen's compensation cases from State courts to the Federal courts adds to the already overburdened docket of the Federal courts, the congestion in some of which is now most deplorable."

The report then singles out our own district, the Northern District of Texas, as having such a large number of cases of this type. They comprise something approximately 30 per cent of the number of the cases on docket.

The definition and application of the word "commenced" is the term over which the controversy arises.

Did the cases before us actually commence in the State court or Federal court? A suit must commence somewhere. It can't be removed until it has been commenced. You can't remove something that doesn't exist.

"Commence. * * * to begin, to perform the first act of; as, to *commence* a lawsuit." Webster.

"Commence. To do the first act in anything; to take the first step." 7 Cyc. p. 405.

"Commence. Present Tense. To begin, or cause to begin to be, to do the first act, or take the first step, in anything, to enter upon, or to originate; to perform the first act of, to start;

"As in these phrases, 'commence actual operations,' 'commence an action for taxes,' 'commence a proceeding in error,' 'commence drilling operations' * * * 15 C.J.S. p. 247.

"Commencement. Defined in the Century Dictionary as the act or fact of commencing; beginning; origin; first existence; inception. * * * " 15 C.J.S. p. 248.

"Commencement Of Action Or Other Proceeding. The commence-

ment of an action to enforce a right before the statute of limitations has run against it suspends the running of the statute * * *." 54 C.J.S. Limitations of Actions § 261, p. 290.

■ A word or a term used in any document whether it be a contract or an act of law must be taken in its usual meaning. "Commence" means to begin according to Webster and according to the universal adoption of the word.

■ Suppose we delete from the law in question the provision of Section 3 entirely. What effect does it have upon the act? It still contains all the provisions that Congress meant to pass. Therefore Section 3 was put in for the sole purpose of fixing a deadline wherein no more suits would be filed for trial in the Federal court under the workmen's compensation act. Unless given this meaning it is without effect or purpose. It draws a deadline beyond which all suits filed or commenced come to the Federal court and all suits not so commenced remain in the State court and may not be removed to the Federal court.

■ By analogy take a suit which is a declaration on debt. A suit on promissory note is brought in the State court and before it is removed to the Federal court the four-year limit expires and it is barred by limitation unless the date of filing in the State court is treated as the commencement of the suit. The same suit when called for trial in the Federal court may be heard upon the declaration as originally filed in the State court without changing a word or striking a sentence. Every judgment of the United States court must be based upon the pleading. If the pleading as filed in the State court is used in the trial in the Federal court it will support the judgment to be rendered or rendered as though it had been originally filed in the Federal court. Indeed if the State court pleading be not used, the case is not ready for trial.

■ The law as a whole was intended and designed to lessen the case load of the Federal court. However, in doing

so Congress drew a line of demarcation wherein the State cases should be lopped off and not further removed into the Federal court.

We think that the Section 3 of the act means what it says and that "commenced" applies to the *beginning of a lawsuit* when filed in any court holding jurisdiction of the parties and subject matter.

The motion to remand will be denied.